ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| JOSÉ ENRIQUE SILVA NAZARIO<br><br>Peticionario<br><br><br>EX PARTE | TA2026AP00626 | *Apelación,*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm.:<br>AG2025CV02175<br><br>Sobre: Expediente de Dominio |
|---|---|---|

Panel integrado por su presidenta, la Jueza Romero García, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 24 de junio de 2026.

Comparece José Enrique Silva Nazario ("señor Silva Nazario" o "Peticionario") mediante *Apelación* y nos solicita que revoquemos una *Sentencia* emitida el 29 de mayo de 2026, notificada el 2 de junio de 2026, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla ("TPI"). En virtud del aludido dictamen, el TPI denegó la petición sobre expediente de dominio instada por el señor Silva Nazario, debido a que el inmueble en controversia forma parte de una comunidad hereditaria.

Por los fundamentos que proceden, se *confirma* la *Sentencia* apelada.

**I.**

El 3 de diciembre de 2025, el señor Silva Nazario presentó una *Solicitud* sobre expediente de dominio. Peticionó que se declarara a su favor el dominio de la siguiente finca:

> ----RUSTICA: Predio de terreno identificado en el Plano de Mensura para Expediente de Dominio sito en la carretera cuatrocientos catorce (PR 414), kilometro uno punto seis (1.6) y uno punto siete (1.7 int.) interior del Barrio Pueblo del término municipal de Rincón, Puerto Rico con cabida superficial de DOS MIL CIEN (2,100.00 MC) equivalentes a cero punto cinco mil trescientos cuarenta y tres cuerdas (0.5343 cdas.), lindes al Norte; con Evelyn Pérez, al Sur; con Neida Silva, al Este; con Nydia Silva y al Oeste, con Camino Municipal y Uso Público. -----------
> ----Contiene una residencia de Hormigón y bloque. ------------------
> ----La propiedad no consta inscrita en el Registro de la Propiedad.--
> ----Libre de cargas y gravámenes.----------------------------------------
> ----Catastro número: 096-082-137-07-001. ----------------------------

Atinente a la controversia ante nos, expuso que adquirió la propiedad en el año 1995, estando soltero, mediante una adjudicación verbal que le hicieron los miembros de la Sucesión de Salustiano Silva Sánchez, compuesta por Alva N., Primitivo, Dimas, Salvador, Miguel A. y José E. Silva Nazario, y, en representación de sus hijos premuertos, Luis, José E. y Miguel A. Silva Soto, Elva I., Yolanda, Evelyn y Juan Pérez Silva y Miguel A. Torres Silva. Manifestó, además, que, conforme surge de la Manifestación de Propiedad Núm. 124, otorgada el 14 de julio de 1995 ante el notario José Emilio Polanco Casas, construyó, con su propio dinero, la residencia que ubica en la finca. A su vez, precisó que, junto a los anteriores dueños, había poseído la finca a título de dueño, quieta, pública y pacíficamente por más de treinta (30) años. Por tanto, peticionó que se declarara justificado el dominio de la finca y se ordenara su inscripción a nombre del peticionario en el Registro de la Propiedad.

El 22 de diciembre de 2025, notificada el 29 de diciembre de 2025, el TPI emitió una *Orden*. Entre otros, el foro de instancia dispuso lo siguiente:

> Toda vez que la alegada adjudicación al peticionario se realizó de manera verbal, deberá presentar Declaración Jurada donde comparezcan *cada uno* de los herederos de Salustiano Silva Sánchez en que expresen bajo juramento lo indicado en la Petición; el hecho de que cedieron al peticionario su derecho hereditario.[1]

Consecuentemente, le otorgó al señor Silva Nazario un término de diez (10) días para cumplir con lo ordenado.

El 3 de febrero de 2026, la parte peticionaria radicó una *Moción Informativa* en la cual indicó que resultaba imposible cumplir con lo ordenado, debido a que sus hermanos habían fallecido. No obstante, expresó que logró obtener declaraciones juradas, suscritas por dos (2) de sus sobrinos, Evelyn y Juan, ambos de apellidos Pérez Silva, quienes declararon que hace más de treinta (30) años le cedieron verbalmente su participación sobre el inmueble.

Ante el incumplimiento, el 12 de febrero de 2026, el TPI le ordenó mostrar causa, en el término de veinte (20) días, por la cual no debía desestimar la petición, "toda vez que la propiedad objeto de la petición es parte de un bien

---

[1] Apéndice del recurso, Entrada Núm. 2, pág. 1.

hereditario el cual no ha sido adjudicado, conforme establece el ordenamiento jurídico".[2]

Ese mismo día, el señor Silva Nazario presentó una *Moción Mostrando Causa.* Arguyó que la legislación actual no prohíbe las adjudicaciones verbales de herencia. A raíz de lo anterior, expresó que para que la adjudicación verbal de la herencia fuera válida solo requería la oferta y aceptación de todos los herederos. Por otro lado, sostuvo que el expediente de dominio estaba diseñado para atender aquellos casos en los que se hubiera efectuado un negocio jurídico que no cumpliera con las formalidades, ya que su propósito es clarificar y otorgarle al peticionario con un título inscribible.

El 19 de febrero de 2026, el TPI le concedió al señor Silva Nazario un plazo de veinte (20) días para fundamentar sus alegaciones en derecho. En cumplimiento, el 7 de marzo de 2026, el señor Silva Nazario notificó una *Moción: Fundamentos en Derecho Para No Desestimar el Caso (Por No Formar Parte de la Totalidad de un Bien Hereditario Totalmente Adjudicado la Propiedad Objeto del Procedimiento).*

Aquilatados los argumentos de la parte peticionaria, el 29 de mayo de 2026, notificada el 2 de junio de 2026, el TPI emitió una *Sentencia.* Concluyó que, mientras no se efectúe la partición, ningún heredero podrá reclamar la titularidad exclusiva del bien, ni gestionar su inscripción individual el Registro de la Propiedad. Razonó que, previo a presentar una petición de expediente de dominio, se debía llevar a cabo la partición de la comunidad hereditaria. En específico, determinó lo siguiente:

> En cuanto al caso, según surge de los hechos, la parte peticionaria alegó haber adquirido la propiedad mediante una adjudicación verbal realizada por los herederos del causante. Lo cierto es que, independientemente de lo acordado entre los herederos, dicho arreglo no constituye una partición extrajudicial válida, en ausencia de escritura pública que formalice la adjudicación específica del bien y la cesión de derechos por parte de todos los coherederos. Al no existir una partición válida, los herederos pasaron a formar parte de una comunidad hereditaria de cuotas abstractas, por lo que no son titulares de un bien en particular. En consecuencia, mientras no se efectúe la partición, la parte peticionaria ni ningún coheredero podrán reclamar titularidad exclusiva de un bien ni gestionar su inscripción individual en el Registro de la Propiedad. Corresponde

---

[2] Apéndice del recurso, Entrada Núm. 4.

llamar a las partes interesadas y promover una partición de la comunidad hereditaria antes de poder realizar una petición de expediente de dominio.[3]

Por tanto, denegó la petición sobre expediente de dominio presentada por la parte peticionaria y, consecuentemente, desestimó el caso.

Inconforme, el 16 de junio de 2026, el señor Silva Nazario acudió ante nos mediante un recurso de *Apelación* en el cual le imputó al TPI la comisión de los siguientes errores:

**Erró el Tribunal de Primera Instancia al desestimar de plano la Petición de Expediente de Dominio sin celebrar la vista en su fondo, privando a la parte peticionaria del debido proceso de ley para desfilar su prueba testifical y documental orientada a justificar el dominio por usucapión extraordinaria.**

**Erró el foro primario al concluir que la falta de una partición formal por escritura pública o una cesión de derechos en instrumento público impide la tramitación del expediente de dominio, inaplicando la figura de la usucapión extraordinaria (Art. 1197 del Código Civil vigente / doctrina aplicable), la cual no requiere justo título ni buena fe, sino únicamente la posesión por 30 años.**

**Erró el tribunal al aplicar de forma absoluta la doctrina sobre comunidades hereditarias (*Kogan v. Registrador*), obviando que un coheredero es legalmente apto para usucapir de forma exclusiva contra sus coherederos un predio determinado mediante la mutación del concepto posesorio (o inversión de su título) por más de tres décadas.**

**Erró el tribunal al restarle eficacia jurídica y probatoria a la Escritura Pública de Manifestación de Propiedad de 1995 y a las declaraciones juradas de los miembros de la propia Sucesión que validan la posesión en concepto de dueño exclusivo.**

Examinado el recurso, optamos por prescindir de los términos, escritos y procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 13, 215 DPR __ (2025).

**II.**

**-A-**

En nuestro ordenamiento, la inmatriculación es "el ingreso de una finca en el Registro de la Propiedad, acto que normalmente se efectúa mediante la

---

[3] Apéndice del recurso, Entrada Núm. 9, pág. 4.

primera inscripción de dominio a favor del inmatriculante". *Ex parte Román Quiles, Nieves*, 2025 TSPR 45, 215 DPR ___ (2025), citando a *Ex parte Torres Pérez*, 2025 TSPR 5, 215 DPR ___ (2025).

El mecanismo de expediente de dominio es un procedimiento *ex parte* que le permite a todo propietario que carezca de título inscribible de dominio proceder con la inscripción de dicho dominio. Este, no declara derechos, sino justifica la existencia de un título de dominio de la parte promovente. *Rodríguez v. Registrador*, 75 DPR 712, 732 (1953). El expediente de dominio no se encuentra disponible para declarar otros derechos sobre la finca, ni para destruir definitivamente los derechos de los interesados, toda vez que **este procedimiento no es equivalente a una declaración de usucapión**. (Énfasis suplido). *Ex parte Román, Nieves, supra*; *Rodríguez v. Registrador, supra*, pág. 732. Véase, Art. 191 de la Ley Núm. 210-2015, 30 LPRA sec. 6297. Tal mecanismo tiene como finalidad que el tribunal declare justificado o no el dominio de la finca. *Ex parte Román, Nieves, supra*; *Toro v. El Registrador de Mayagüez*, 25 DPR 472, 476 (1917). Por lo tanto, "[l]a resolución aprobatoria de un expediente de dominio no constituye cosa juzgada, y no impide un ataque posterior a la resolución por quienes no hayan litigado". *Rodríguez v. Registrador, supra*.

El procedimiento se encuentra regulado por los Artículos 185-194 de la Ley Núm. 210-2015, según enmendada, conocida como la *Ley del Registro de la Propiedad Inmobiliaria de Puerto Rico*, 30 LPRA secs. 6291-6302. Tras el cumplimiento con los requisitos del aludido proceso, "el tribunal celebrará una vista para atender las reclamaciones y pruebas que se presenten". 30 LPRA sec. 6293. El procedimiento de expediente de dominio está revestido de un alto interés público, por lo que los requisitos para su tramitación son esenciales y *de cumplimiento estricto*. *Ex parte Román, Nieves, supra*; *Nieves Osorio, Ex Parte*, 127 DPR 907, 909 (1991); *Ex Parte Rosario*, 75 DPR 698, 706-707 (1953). Después de todo, estos requisitos buscan, en parte, establecer garantías adecuadas en cuanto al hecho de que el promovente es realmente el dueño de la propiedad. *Bermúdez v. Registrador*, 74 DPR 151, 156-157 (1952).

En caso de que se pretenda inscribir una finca en comunidad y el procedimiento no fue promovido por todos los comuneros, "será obligatoria la citación personal de los demás cotitulares". Art. 189 de la Ley Núm. 210-2015, 30 LPRA sec. 6295. Empero, en *Oquendo v. Registrador*, 77 DPR 118, 121 (1995), nuestro Máximo Foro expresó que el expediente de dominio no es el procedimiento autorizado por ley para obtener la división de una propiedad poseída en común.

Por otra parte, el Tribunal Supremo ha resuelto que de surgir en el expediente de dominio una controversia sobre la validez del título o de los derechos dominicales del peticionario, deberá dilucidarse en el propio expediente de dominio, perdiendo su naturaleza *ex parte* y convirtiéndose en un juicio contencioso. *Ríos v. Tribunal Superior*, 77 DPR 79, 83 (1954). Ello representa ser la práctica judicial más conveniente, ya que evita una duplicación en los procedimientos y mantiene la eficacia del expediente de dominio. *Íd.* El procedimiento de expediente de dominio no se puede utilizar para obtener la división de una propiedad obtenida en *común proindiviso*. *Oquendo v. Registrador*, 78 DPR 118 (1955).

**-B-**

Nuestro ordenamiento permite la adquisición del dominio y otros derechos reales de goce mediante la figura de la prescripción adquisitiva o usucapión. Art. 777 del Código Civil de 2020, 31 LPRA sec. 8021. Para que esta se configure, es indispensable que estemos ante una cosa o un derecho susceptible de apropiación por un tiempo determinado y según las condiciones que dicta la ley. *Bravman, González v. Consejo Titulares*, 183 DPR 827, 838 (2011). Por consiguiente, "una vez transcurrida la totalidad del término fijado en nuestro ordenamiento, de inmediato se materializa o consolida el dominio en la persona que, en unión a sus anteriores dueños, ha poseído durante ese periodo con los requisitos de ley". *Adm. Terrenos v. SLG Rivera-Morales*, 187 DPR 15, 26-27 (2012).

La usucapión o prescripción adquisitiva puede ser ordinaria o extraordinaria. Tanto la ordinaria como la extraordinaria requieren que la

posesión sea en concepto de dueño, continua, pública y pacífica. Art. 778 del Código Civil, 31 LPRA sec. 8022.

No obstante, de manera particular, la usucapión ordinaria se necesita poseer las cosas con buena fe y justo título por el tiempo fijado en la ley. Art. 783 del Código Civil, 31 LPRA sec. 8027. Es preciso aclarar que, "[l]a buena fe del poseedor consiste en la creencia de que la persona de quien recibió la cosa era dueña de ella y podía transmitir su dominio". Art. 784 del Código Civil, 31 LPRA sec. 8028. Asimismo, es harto conocido que en nuestro ordenamiento jurídico la buena fe se presume, y quien afirma la mala fe de un poseedor deberá probarla. Art. 711 del Código Civil, 31 LPRA sec. 7829. Por su parte, el título se entiende justo cuando es legalmente suficiente para transferir el dominio o derecho real de cuya prescripción se trate. Art. 785 del Código Civil, 31 LPRA sec. 8029.

Contrario a la usucapión ordinaria, la extraordinaria se caracteriza por no exigir el requisito de buena fe y justo título. *Íd.* Bajo nuestro ordenamiento civilista, la prescripción adquisitiva extraordinaria solo requiere un período de posesión más prolongado que la prescripción ordinaria. J. Puig, *Fundamentos de Derecho Civil*, Tomo III, Vol. I, 3ra. ed., Bosch, Barcelona, 1989, pág. 315.

El Código Civil de 2020 dispone lo siguiente: "[l]os términos prescriptivos, de caducidad o de usucapión que estén transcurriendo en el momento en que este Código entre en vigor, tienen la duración dispuesta en la legislación anterior [...]". Art. 1814, 31 LPRA sec. 11719. Conforme surge del Código Civil de 1930, el término requerido para la prescripción adquisitiva ordinaria es de veinte (20) años para los bienes inmuebles. Art. 1857, 31 LPRA ant. sec. 5278. Por su parte, bajo la legislación anterior, la prescripción extraordinaria requiere un periodo de posesión de treinta (30) años. Art. 1859, 31 LPRA ant. sec. 5280.

En los casos de una comunidad hereditaria, el Tribunal Supremo ha expresado lo siguiente:

> [S]i uno de los coherederos deja de poseer en concepto de coheredero o condueño y posee, **por más de treinta años**, una finca específica de la comunidad, o la totalidad de los bienes comunes, **en forma exclusiva y en nombre propio, percibiendo solamente él los beneficios, frutos y productos de tal finca o de tales bienes**, sin

que los demás condueños participen en los beneficios y cargas de tal posesión, **entonces ese condueño o coheredero estaría poseyendo en concepto de dueño, y <u>podría adquirir el dominio en virtud de la prescripción adquisitiva extraordinaria, por usucapión</u>**.

(Énfasis y subrayado suplido). *Sucn. Maldonado v. Sucn. Maldonado*, 166 DPR 154, 181 (2005), citando a *Alonso v. Muñoz*, 76 DPR 549 (1954), pág. 555-556.

Dicho de otra manera, de constituirse la usucapión, "el heredero usucapiente adquirirá el dominio exclusivo del bien del caudal relicto, por lo que **sería inoportuna o improcedente la presentación de una acción o partición de herencia**". (Énfasis suplido). *Íd.*, pág. 183.

**III.**

En el recurso que nos ocupa, la parte peticionaria nos solicita que revoquemos una *Sentencia* a través la cual el TPI denegó una petición sobre expediente de dominio bajo el fundamento de que, previo a ello, procedía la partición de la comunidad hereditaria. Arguye que el foro de instancia erró al desestimar la reclamación, sin celebrar una vista evidenciaria. Sostiene, a su vez, que incidió al no tomar en consideración que un coheredero puede usucapir un predio determinado mediante su posesión por más de treinta (30) años. Asimismo, manifiesta que la Escritura Pública de Manifestación de Propiedad las declaraciones juradas presentadas evidencian que ha ocupado la finca en concepto de dueño y de manera pública y pacífica por más de tres (3) décadas.

Conforme surge del expediente, la finca en controversia forma parte del caudal hereditario del padre del peticionario, Salustiano Silva Sánchez, quien murió intestado en el año 1963. El señor Silva Nazario alega que, en el año 1995, los demás miembros de la Sucesión Silva Sánchez le cedieron verbalmente sus derechos hereditarios sobre la finca en controversia. A su vez, expuso que, en ese mismo año, suscribió ante notario una Manifestación de Propiedad en la cual consignó que construyó, con su propio dinero, una residencia en la referida finca. Cónsono con lo anterior, sostuvo que había poseído la finca de manera ininterrumpida, pública, pacífica y en concepto de dueño por más de treinta (30) años.

Con la intención de evidenciar la cesión de derechos, el foro de instancia le ordenó al peticionario presentar declaraciones juradas de todos los miembros de la Sucesión. A esos efectos, el señor Silva Sánchez logró presentar declaraciones juradas de dos (2) de sus sobrinos, quienes manifestaron que hace más de treinta (30) años le habían cedido a su tío sus participaciones sobre la comunidad hereditaria. No obstante, el peticionario informó que se le imposibilitaba presentar las demás declaraciones juradas, ya que sus hermanos habían fallecido. Como consecuencia, el TPI desestimó la petición al razonar que, previo a ordenar la inscripción de la finca, se debía esclarecer su titularidad mediante la partición del caudal relicto de Don Salustiano.

El Art. 1232 del Código Civil de 1930, 32 LPRA sec. 3453, vigente al momento de la presunta adjudicación, disponía que la cesión de derechos hereditarios debía constar en escritura pública. A su vez, nuestro Máximo Foro ha resuelto que, previo a enajenar una cuota específica sobre un bien concreto y particular, se debe llevar a cabo la partición de la herencia. *Soc. de Gananciales v. Registrador*, 151 DPR 315, 323 (2000). Por tanto, la cesión realizada de manera verbal por los demás coherederos a favor del señor Silva Nazario, previo a realizar la partición de la herencia, no constituyó un negocio válido. Como consecuencia, la finca en controversia aún forma parte de la comunidad hereditaria de Salustiano Silva Sánchez.

Ante ello, el señor Silva Nazario y los demás coherederos únicamente poseen una cuota abstracta sobre la comunidad hereditaria. El expediente de dominio no es el procedimiento adecuado para reclamar la titularidad exclusiva de un bien específico de la herencia y solicitar su inscripción, a nombre de un solo heredero, en el Registro de la Propiedad. Recordemos que el expediente de dominio no declara derechos, sino meramente justifica el dominio. Es por ello que tal procedimiento no equivale a una acción declaratoria de usucapión. Así dispuesto, resulta forzoso concluir que el foro de instancia venía obligado a denegar la petición de expediente de dominio promovida por el señor Silva Nazario.

A pesar de lo anterior, debemos aclarar que, de ser cierto que el señor Silva Nazario adquirió la titularidad de la finca mediante usucapión, la existencia de la comunidad hereditaria se tornaría irrelevante. Nuestro Máximo Foro ya ha resuelto que un coheredero puede adquirir una finca específica de la comunidad en virtud de la usucapión extraordinaria. *Sucn. Maldonado v. Sucn. Maldonado, supra.* En otras palabras, el hecho de que el inmueble pertenezca a una comunidad no le impediría al peticionario iniciar un procedimiento independiente para adquirir el dominio de la finca mediante la usucapión o prescripción adquisitiva.

**IV.**

Por los fundamentos que anteceden, se *confirma* la *Sentencia* apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones